**William W. Norris et al., Defendants in Error, v. Mutual Manufactured Ice Company et al., Plaintiffs in Error.**

**Gen. No. 19,793. (Not to be reported in full.)**

Error to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in this court at the October term, 1913. Dismissed. Opinion filed November 30, 1914.

## Statement of the Case.

Bill in equity by William W. Norris and others against the Mutual Manufactured Ice Co., a corporation and others for an injunction to restrain the defendants from operating its plant and establishment in such manner as to emit certain described noises and stenches. The bill in the usual form prayed for a writ of injunction against such operation "until the further order of the court."

A preliminary injunction in the usual form was ordered enjoining the defendants to desist and refrain from operating the plant and establishment of the defendant Mutual Manufactured Ice Company in such manner as to emit certain noises and stenches as described in the bill of complaint "until the further order of this court," upon the filing of a bond to be approved by the court.

Later, defendants upon the pleadings and affidavits presented and filed in the cause moved the court to dissolve the injunction granted and to dismiss the bill of complaint for want of equity. The motion was denied in an order in the following words:

"On motion of solicitor for complainants the motion of the defendants herein to dissolve the injunction heretofore granted herein and to dismiss the bill of complaint for want of equity is denied, and the defendants pray an appeal from said order denying said motions, which appeal is allowed to the Appellate Court of the First District upon the defendants filing a certificate of evidence herein in sixty days and a bond in good and sufficient surety in the sum of Two Hundred and Fifty Dollars in 60 days."

The appeal was not perfected by the filing of any bond. Defendants, the Mutual Manufactured Ice Company, Jacob H. Prost, Gaylord E. Harvell and Nicholas W. Harshman sued out a writ of error.

EDWARD J. KELLEY, for plaintiffs in error.

SAMUEL J. LUMBARD and T. F. MONAHAN, for defendants in error.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 266*—*where interlocutory orders are appealable.* A statutory right of appeal is given in a prescribed way under certain conditions by the Practice Act (Hurd's Rev. St. 1907, ch. 110, § 123, J. & A. ¶ 8661), to persons against whom interlocutory injunctions have been granted or whose motions to dissolve such injunctions have been overruled.

2. APPEAL AND ERROR, § 270*—*right to review interlocutory order.* The Appellate Court cannot on a writ of error take jurisdiction to review a purely interlocutory order.

3. APPEAL AND ERROR, § 267*—*necessity of final judgment.* It is only to reverse *final* judgments, orders or decrees of an inferior court that a writ of error properly lies.

4. APPEAL AND ERROR, § 1118*—*necessity of final judgment.* In the absence of a *final* judgment in an inferior court, a reviewing court cannot but dismiss a writ of error.

5. APPEAL AND ERROR, § 309*—*when injunction order not final.* Where a preliminary injunction was entered *pendente lite* until the further order of the court and defendants made a motion to dissolve the injunction and to dismiss the bill, a writ of error was dismissed, since such a writ does not permit a reviewing court to take jurisdiction of a purely interlocutory order.